## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Frankie Burton, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-2269 |
| Stucky, Lauer & Young, an Indiana limited liability partnership, and Credit Bureau Collection Services, Inc., an Ohio corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT -- CLASS ACTION

Plaintiff, Frankie Burton, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and one Defendant reside here.

## PARTIES

3. Plaintiff, Frankie Burton ("Burton"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt, which he allegedly owed for a medical debt.

4. Defendant Stucky, Lauer & Young, LLP ("Stucky"), is an Indiana limited liability partnership and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Stucky operates a debt collection business and attempts to collect debts from consumers in the State of Indiana. In fact, Defendant Stucky was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Bureau Collection Services, Inc. ("CBCS"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant CBCS operates a debt collection business and attempts to collect debts from consumer in many states, including consumers in the State of Indiana. In fact, Defendant CBCS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendants Stucky and CBCS are both authorized to conduct business in Indiana, and maintain registered agents here, see, record from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

**FACTUAL ALLEGATIONS**

7. Mr. Burton fell behind on paying his bills, including a medical debt he allegedly owed to Major Health Partners. Sometime after that debt went into default, it was placed with Defendant CBCS for collection, who tried to collect upon it by having Defendant Stucky send Mr. Burton a form collection letter, dated September 19, 2017, which threatened to file a lawsuit if he did not pay the debt. This letter also stated:

2

\* \* \*

> As of September 19, 2017, you owe $829.02.  Because of interest and other charges, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event, we will inform you before processing your payment.  For further information, write the undersigned or call (260) 423-2646.

\* \* \*

A copy of this collection letter is attached as Exhibit B.

    8.    The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account.  To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA.  Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

    9.    In fact, Defendants were not going to sue Mr. Stucky for such a small amount and interest and other charges were not accruing on this debt.

    10.    Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, at 827 (7th Cir. 2012).  Here, Defendants' statement concerning a potential lawsuit and an increasing amount of debt are information that would concern a consumer regarding what to do about the debt, would certainly be a factor in such a decision, and, in fact, concerned Mr. Stucky.

    11.    Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

15. Defendants, by threatening to file a lawsuit against Plaintiff if he did not contact them to make payment arrangements made false and deceptive statements in connection with the collection of a debt, Defendants violated § 1692e of the FDCPA.

16. Additionally, by sending the collection letter threatening to impose additional interest and other charges when none would, or could, be imposed, Defendants further violated § 1692e of the FDCPA, see, Boucher, 880 F.3d at 367-368.

17. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-12.

19. Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

20. Defendants, by threatening to file a lawsuit against Mr. Burton if he did not contact them to make payment arrangements, used unfair and unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Additionally, Defendants, by threatening to impose additional "interest and other charges", when none would, or could, be imposed, used an unfair or unconscionable means to collect a debt, in further violation of § 1692f of the FDCPA.

22. Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23. Plaintiff, Frankie Burton, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt, allegedly owed for a medical debt, via the same form collection letter (Exhibit <u>B</u>), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

24. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Burton, in their attempts to collect defaulted consumer debts from other consumers.

25. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same

form collection letters they sent Plaintiff Burton.

26.   Plaintiff Burton's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28.   Plaintiff Burton will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Burton has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

### PRAYER FOR RELIEF

Plaintiff, Frankie Burton, individually and on behalf of all others similarly situated, prays that this Court:

    1.    Certify this action as a class action;

    2.    Appoint Plaintiff Burton as Class Representative of the Class, and his attorneys as Class Counsel;

    3.    Find that Defendants' form collection letter violate the FDCPA;

    4.    Enter judgment in favor of Plaintiff Burton and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Frankie Burton, individually and on behalf of all others similarly situated, demands trial by jury.

    Frankie Burton, individually and on behalf of all others similarly situated,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: July 24, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com
carissa@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

8